UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN E. PORTER, | ) | CASE NO.: 1:18CV104 |
| Petitioner, | ) ) | JUDGE JOHN ADAMS |
| WARDEN BRIGHAM SLOAN, | ) ) ) ) ) | **ORDER AND DECISION** |
| Defendant. | ) ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Brian E. Porter. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED IN PART AND DENIED IN PART.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

While spanning nearly 24 pages, Porter's "objections" are little more than a restatement of his petition and traverse. For example, the R&R found that Porter's grounds for relief numbered 1, 4, 5, and 6 were procedurally defaulted. Porter claims no error in this analysis but asserts that it would be a miscarriage of justice not to reach the merits of his argument. As Porter has not at any stage shown cause and prejudice, the R&R properly concluded that these grounds for relief

were procedurally defaulted.

The R&R addressed the merits of Ground 2 (counsel was ineffective in the manner in which he pursued the self-defense theory) and Ground 3 (Ohio's self-defense statute violates the United States Constitution). Porter fails to allege error in either analysis. Instead, Porter reasserts that a properly-instructed jury could have found that he acted in self-defense. In doing so, Porter entirely ignores the factual basis relied upon by the state court in rejecting this claim. The R&R quoted the state court's analysis:

> With respect to Porter's testimony that he believed that he was in imminent danger of death or great bodily harm, we note that the jury was presented with ample testimony that James did not threaten Porter from inside Ase's vehicle, and that he did not have a firearm in his possession that evening. In addition, our review of the surveillance video supports the state's characterization of Porter's acts of preparation in the seconds before the shooting as "calculated." As depicted on the video, Porter is seen reaching for, and subsequently loading, his gun before Ase's vehicle even enters the video screen. Further, we are unable to ignore Porter's conduct immediately after the shooting, which was described as "celebratory" and included him following Ase's vehicle as it pulled away from the scene and his subsequent acts of "high-fiving" Chino and "fist-bumping" Jeff.

Doc. 16 at 18. The state court then went on to note that Porter failed to provide evidence that he did not violate his duty to retreat. Accordingly, the state court found that Porter failed to demonstrate any likelihood of success on his claim of self-defense. The R&R properly concluded that Porter demonstrated no error in the state court's analysis.

Porter similarly demonstrated no error with respect to Ground 3. Porter's objections add nothing to his prior argument and highlight no error in the R&R. As the R&R properly concluded that Ohio's self-defense statutes do not violate the Second Amendment, Porter's objections lack merit.

Having found no merit to the objections raised by Porter, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED IN PART AND DENIED

IN PART.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

    March 20, 2019                                         */s/ John R. Adams*
                                                          JUDGE JOHN R. ADAMS
                                                          UNITED STATES DISTRICT JUDGE